NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS G., <br><br> Petitioner, <br><br> v. <br><br> CHARLES GREEN, <br><br> Respondent. | Civil Action No. 19-4494 (SRC) <br><br><br> MEMORANDUM OPINION |

This matter has been opened to the Court by Petitioner's filing of a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons explained in this Memorandum Opinion, the Court will deny the Petition.

Petitioner is a citizen and national of Mexico. *See* ECF No. 4-2, Ex. A, Notice to Appear. He arrived in the United States at an unknown place and time. *See id.*

On December 2, 2017, Petitioner was arrested for the crime of aggravated assault involving a police officer. *See* ECF No. 4-3, Ex. B, Form I-213, Record of Deportable/Inadmissible Alien. Petitioner was detained by ICE on December 6, 2017. *See* Ex. A (Form I-830 attached). That same day, he was served with a Notice to Appear ("NTA") charging him with removability pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act. *See id.* On December 29, 2017, Petitioner was scheduled for a master calendar hearing and bond hearing, but both were adjourned to January 24, 2018 because he was not presented for the hearings. *See* ECF No. 4-1, Declaration of Elizabeth Burgus ("Burgus Decl."), ¶ 3. On January 24, 2018, Petitioner appeared for the master calendar hearing and bond hearing, but both were

1

adjourned to February 28, 2018 to allow him time to seek representation. *See id.* at ¶ 4. On February 28, 2018, Petitioner appeared for both hearings. The immigration court conducted a bond hearing pursuant to 8 U.S.C. § 1226(a) and denied bond. *See id* at ¶ 5; *see also* ECF No. 4-4, Ex. C, February 28, 2018 Immigration Court Order. Petitioner does not appear to have filed an appeal of the decision with the Board of Immigration Appeals ("BIA").

The immigration court reset the master calendar hearing to April 25, 2018 to allow Petitioner time to seek representation. *See* Burgus Decl. at ¶ 5. The April 25, 2018 master calendar hearing was adjourned to the following day. *See id.* at ¶ 7. On April 26, 2018, Petitioner appeared with counsel, but the master calendar hearing was adjourned to June 6, 2018 to allow Petitioner time to prepare. *See id.* at ¶ 7. Petitioner subsequently filed a motion for custody redetermination. On June 6, 2018, appeared with counsel for his bond hearing and master calendar hearing. *See* Burgus Decl. at ¶ 8. The immigration judge denied Petitioner's request for a bond. *See* ECF No. 4-5, Ex. D, June 6, 2018 Immigration Court Order. Petitioner reserved appeal of the decision, but it does not appear that Petitioner filed an appeal with the BIA. The master calendar hearing was adjourned to July 31, 2018 to allow Petitioner time to prepare. *See* Burgus Decl. at ¶ 8.

On July 31, 2018, Petitioner appeared for a master calendar hearing, and his proceedings were reset to October 16, 2018 for an individual hearing on the merits of his applications for relief. *See id.* at ¶ 9. Petitioner subsequently filed a motion for custody redetermination with the immigration court. On September 11, 2018, the immigration court denied him bond because the immigration judge found that there was no change in circumstance presented that would make the court change its prior June 6, 2018 decision. *See* ECF No. 4-6, Ex. E, September 11, 2018 Immigration Court Order. Petitioner reserved appeal. There is no indication that Petitioner filed

an appeal of that decision with the BIA.

On October 16, 2018, Petitioner appeared, with counsel, for an individual hearing before the immigration judge on the merits of his cancellation of removal application for relief. *See* Burgus Decl. at ¶ 11. Upon the conclusion of the hearing, the immigration court denied his application and ordered him removed. *See id*; *see also* ECF No. 4-7, Ex. F, October 16, 2018 Immigration Court Order. Petitioner reserved appeal. On October 29, 2018, Petitioner filed an appeal of the immigration judge's decision with the BIA. *See* Burgus Decl. at ¶ 12. On December 17, 2018, Petitioner filed a motion for bond redetermination with the immigration court. *See id.* at ¶ 13. On January 3, 2018, the immigration judge denied bond. *See id.*

On March 15, 2019, the BIA issued a decision dismissing Petitioner's appeal and affirming the decision of the immigration judge. *See* ECF No. 4-8, Ex. G, March 15, 2019 BIA Decision; *see also* Burgus Decl. at ¶ 14. Petitioner subsequently filed a motion for custody redetermination. On April 5, 2019, the immigration court denied the motion and took no action as to the bond decision. *See* ECF No. 4-9, Ex. H, April 5, 2019 Immigration Court Order.

On April 15, 2019, Petitioner filed a petition for review and a motion for a stay of removal with the Court of Appeals for the Third Circuit under docket number 19-1770. On April 17, 2019, the Third Circuit temporarily granted a stay of removal in accordance with the Third Circuit's standing order regarding stays. *See* ECF No. 4-10, Ex. I, April 17, 2019 Third Circuit Order. The petition for review remains pending.

In the meantime, on February 1, 2019, Petitioner filed the instant Petition pursuant to 28 U.S.C. § 2241, arguing that his prolonged detention violates due process and that the immigration court erred in denying bond and in determining that he did not present a change in circumstances in his bond redetermination proceedings. *See* ECF No. 1.

3

Petitioner is lawfully detained under 8 U.S.C. §1226(a). Petitioner remains subject to detention under § 1226(a) even though he has a final order of removal because the Third Circuit granted a temporary stay of removal in connection with his pending petition for review, thereby reverting his status to detention under section 1226(a). *See Brodyak v. Davies*, No. CIV.A. 14-4351 JLL, 2015 WL 1197535, at *2 (D.N.J. Mar. 16, 2015) ("in the event that an alien seeks a stay of removal and that stay is granted, . . . an alien's detention during the stay reverts to a pre-removal status, and is thus again controlled by § 1226."). Aliens detained under section 1226(a) are entitled to a bond hearing at which the burden rests with the alien to show he or she is not a risk of flight or a danger to society. *See Borbot v. Warden Hudson County Correctional Facility*, 906 F.3d 274, 279 (3d Cir. 2018)("under § 1226(a) the burden remains on the detainee at all times"); *Colon-Pena v. Rodriguez*, No. CV 17-10460 (SDW), 2018 WL 1327110, at *2 (D.N.J. Mar. 15, 2018) ("[a]t such a hearing, the burden rests on the alien himself, who must show that he does not pose a danger and is likely to appear 'to the satisfaction of the' immigration judge holding the hearing.") (citing 8 C.F.R. § 236.1(c)(8)). Petitioner was provided a bond hearing on February 28, 2018, and the immigration court denied bond. *See* ECF No. 4-4, Ex. C, February 28, 2018 Immigration Court Order.

Aliens may appeal decisions regarding their custody determination to the BIA. *See* 8 C.F.R. § 1003.19(f) ("[a]n appeal from the determination by an Immigration Judge may be taken to the Board of Immigration Appeals pursuant to § 1003.38."). Petitioner does not appear to have filed such an appeal.

Aliens detained under section 1226(a) may also seek a request for bond redetermination upon a showing that the alien's circumstances have changed materially since the prior bond redetermination. *See* 8 C.F.R. 1003.19(e). Here, Petitioner has filed such requests on several

4

occasions, and the immigration court has denied each request. Petitioner does not appear to have filed any appeals of the immigration court's denial of his requests for custody redetermination.

To the extent Petitioner argues that he is entitled to a second bond hearing absent any constitutional defect in his prior hearing, that argument is foreclosed by the Third Circuit's decision in *Borbot v. Warden Hudson County Correctional Facility*, 906 F.3d 274, 279 (3d Cir. 2018). As explained by the Third Circuit, "[t]his comes close to asking this Court to directly review the IJ's bond decision, a task Congress has expressly forbidden us from undertaking." *Id.* at 279. Although the circuit court "recognize[d] Borbot's concern that, despite an initial bond hearing, detention under § 1226(a) might become unreasonably prolonged," it found no basis in the record before it. So too, this Court finds that Petitioner has not established that his detention under §1226(a) is unreasonably prolonged, given that he received an individualized bond hearing on February 18, 2018, and several redetermination hearings, and has provided no evidence of any constitutional defect in his initial hearing or his redetermination hearings.

Notably, it appears that Petitioner never appealed the immigration judge's decision with the BIA, the proper administrative body with authority to review the immigration judge's decision. *See Hugo A. A. Q. v. Green*, No. CV 17-5755 (JMV), 2018 WL 3993456, at *3 (D.N.J. Aug. 21, 2018) ("[t]o the extent Petitioner is dissatisfied with the IJ's decision at his . . . bond hearing, his remedy is to appeal that decision to the BIA . . . ."). Although Petitioner disagrees with the immigration judge's decision to deny him release on bond and the findings that Petitioner did not present changed circumstances, Petitioner has not presented any evidence that his custody hearings were not bona fide. To the extent Petitioner disagrees with the decision of the immigration judge, the proper recourse is to appeal that decision to the BIA. *See Hugo A. A. Q.*, 2018 WL 3993456, at *3.

Because Petitioner is not entitled to a new bond hearing under this circumstance, and the Court is not permitted to review the discretionary decisions of the Immigration Judge, *see Medrano v. Taylor*, No. CV 17-5521 (ES), 2018 WL 2175774, at *4 (D.N.J. May 11, 2018) ("[t]his Court . . . does not have the power to second guess the discretionary decision of the IJ to deny Petitioner's release on bond."), this Court will deny habeas relief. An appropriate Order follows.

    s/ Stanley R. Chesler  
STANLEY R. CHESLER  
United States District Judge

Dated: August 2, 2019